UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES NUNEZ, ) | No. CV 09-8946 RGK (FFM) |
|       Petitioner, ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |
| v. ) | |
| JAMES A. YATES, Warden, ) | |
|       Respondent. ) | |

Petitioner, a prisoner in state custody represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition") on December 7, 2009. Petitioner alleges that the California Supreme Court denied a petition for review of the denial of a habeas petition on August 12, 2009. (Petition at 4.) Petitioner also alleges that he did not file any direct appeal of his conviction. (*Id*. at 3.)

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners, like petitioner, whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). The operative

provision which appears to apply in this case is set forth in 28 U.S.C. § 2244(d)(1)(A). That subparagraph provides that the one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, because petitioner did not pursue direct review of his conviction, his judgement became final on May 11, 1998, upon the expiration of the 60-day period, after sentencing, for petitioner to file an appeal. *See* Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 31(a)); Cal. Code Civ. Proc. §§ 12, 12(a); *see also Caspariv. Bohlen*, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of *certiorari* has elapsed or a timely filed petition has been finally denied"). Accordingly, the one-year limitations period expired on May 11, 1999. However, petitioner did not initiate the present proceedings until over ten years after the limitations period expired. As a result, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

     Because the Petition does not demonstrate any basis for tolling the statute, the Court orders petitioner to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred and/or for failure to prosecute.

     IT IS SO ORDERED.

DATED:   December 9, 2009

                             / s / FREDERICK F. MUMM
                               FREDERICK F. MUMM
                           United States Magistrate Judge